**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4821

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ANTHONY SAVAGE, a/k/a John Racanelli,
a/k/a Mark Racanelli, a/k/a Grandoni Egistot,
a/k/a Robert Toliano, a/k/a M. John Delano,
a/k/a Greg Masonotti, a/k/a Max Marrache,
a/k/a Egisto Grandoni, a/k/a John Anthony
Savage, a/k/a Mario J. Racanelli,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, Senior
District Judge. (1:01-cr-00362-WLO-1)

Submitted: January 28, 2008      Decided: February 25, 2008

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina,
for Appellant. Anna Mills Wagoner, United States Attorney, Clifton
T. Barrett, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Anthony Savage was originally sentenced in 2002 to 250 months imprisonment after a jury convicted him of multiple counts of conspiracy, mail and wire fraud, and money laundering offenses. This court affirmed Savage's conviction, but vacated his sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).

On remand, the district court conducted a resentencing hearing and determined that Savage's total offense level remained at 34; with a criminal history category of IV, the resulting guideline range remained at 210-262 months imprisonment. After considering the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), the district court again sentenced Savage to a total term of 250 months imprisonment. Savage appeals.

Savage claims, first, that his sentence violated the Ex Post Facto Clause because the district court applied Booker at sentencing even though that decision issued after the date of the offense. We have determined that retroactively applying the remedial portion of Booker does not violate either the Due Process or Ex Post Facto Clause. See United States v. Davenport, 445 F.3d 366, 369-70 (4th Cir. 2006) (holding that retroactive application of remedial holding of Booker did not violate Ex Post Facto Clause because the defendant was on notice of statutory penalty when he committed the crime); United States v. Williams, 444 F.3d 250, 254

(4th Cir. 2006), cert. denied, 127 S. Ct. 3042 (2007). Because Savage was on notice of the maximum statutory penalties when he committed his crimes, this claim is without merit. Williams, 444 F.3d at 254.

Next, Savage challenges the reasonableness of his sentence, arguing that a 250-month sentence is greater than necessary to comply with 18 U.S.C. § 3553(a)(2). We review Savage's sentence under a deferential abuse of discretion standard. See Gall v. United States, __ U.S. __, 2007 WL 4292116, at *10 (U.S. Dec. 10, 2007) (No. 06-7949). Moreover, a sentence that falls within the properly calculated advisory guidelines range is entitled to a presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of presumption of reasonableness to within-guidelines sentence). Because Savage was sentenced within the properly calculated guidelines range, his sentence is presumptively reasonable. Here, Savage urged the district court to impose a below-guidelines sentence based on his loss of contact with his children and his medical condition. Addressing both of these concerns, the district court concluded that a 250-month sentence was nevertheless reasonable. We conclude that Savage cannot show that the district court's sentence was unreasonable. Accordingly, we affirm his sentence. We dispense with oral argument because the facts and

legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED